# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-51102

United States Court of Appeals
Fifth Circuit

**FILED**

May 20, 2014

Lyle W. Cayce
Clerk

BRYAN OSCAR COOPER,

Plaintiff-Appellant

v.

JUAN TREVINO, Correctional Officer, In His Individual and Official Capacity,

Defendant-Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:08-CV-738

Before JONES, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM:*

Bryan Oscar Cooper, Texas prisoner # 1043427, moves this court for leave to proceed in forma pauperis (IFP) in his appeal of the district court's denial of his motion to compel payment of the jury award. In Cooper's 42 U.S.C. § 1983 action, the jury found Juan Trevino liable in his individual capacity and awarded Cooper $30 in compensatory damages and $3,500 in punitive damages. The district court denied Cooper's motion to compel

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

payment of the jury award because Trevino had not been served with Cooper's motion and the Attorney General's Office had not determined whether to indemnify Trevino for the amount of the jury's award and, as a result, did not have the authority to represent Trevino in a collection proceeding. Pursuant to Federal Rule of Appellate Procedure 24(a)(3)(A), the court denied Cooper leave to proceed IFP on appeal, certifying that his appeal was not taken in good faith because he had failed to explain why its reasons for denying the motion were erroneous.

By moving for IFP status in this court, Cooper is challenging the district court's certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997); FED. R. APP. P. 24(a). Cooper does not address the district court's reasons for its certification decision. *See Baugh*, 117 F.3d at 202. Accordingly, Cooper's challenge to the district court's certification decision is deemed abandoned. *See Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Cooper has not shown that his appeal involves "legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted). Therefore, Cooper's motion for leave to proceed IFP on appeal is DENIED, and his appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 & n.24; 5th Cir. R. 42.2.

Our dismissal as frivolous of Cooper's appeal counts as a strike pursuant to 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 385-87 (5th Cir. 1996). Cooper is CAUTIONED that if he accumulates three § 1915(g) strikes, he will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).